### HENRY G. SOHNS

*v.*

### FRANCIS T. MURPHY *et al.*

*Opinion filed November 1, 1897.*

MECHANIC'S LIEN—*manner of establishing amount of a claim under section 11 of act of 1891.* Under section 11 of the act of 1891, (Laws of 1891, p. 161,) providing that a contractor who is prevented from performing his contract by default of the owner shall have a reasonable compensation for as much as has been performed, *in proportion* to the price stipulated for the whole, it is only necessary for the claimant to prove the reasonable value of the work performed, as the contract price will be presumed to be a reasonable price for the entire work.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

This action arises upon a cross-petition filed in the circuit court of Cook county by Henry G. Sohns, in a proceeding against the owners of the premises known as Nos. 4601 to 4607 Woodlawn avenue, in the city of Chicago, to establish his right to a lien for services performed and material furnished in placing a steam-heating plant in a building being erected on the lot. The proposal for the work was made on the 25th of February, 1893, and accepted March 3 following, by Mrs. Annella Rood, the then owner of the property, the consideration for the whole work being fixed at $6800. Work was begun on the heating apparatus as soon as the building was so far com-

pleted as to permit it, and continued until June 8, 1893, when, by direction of Mrs. Rood, the work was stopped. On October 5 following, Sohns filed his statement of claim for lien, setting forth the value of the labor and material furnished in the uncompleted work, the amount being placed at $1007.94. After the date of the contract for this work, and on May 26 following, Francis T. Murphy purchased the undivided one-half of the premises, and on December 19 of the same year Frank Cleary became the owner of the other half. The Ketcham Lumber Company having begun proceedings in the circuit court to enforce its lien for work done on the same building, Sohns filed his cross-petition in that cause. Testimony was taken before the master, who presented his report on February 28, 1896, finding, as to Sohn's claim, as follows: "That labor and material to the value of $702.54 actually went into and became part of the building; that Sohns filed claim for lien on October 5, 1893, complying with all the requirements held sufficient in case of *O'Brien v. Krockinski*, except the date of first item of account is April 17, (without any year,) but at the top of same page is date September 7, 1893, account shows an item of labor '31 days' time between April 17, 1893, and June 8, 1893, steam-fitter and helper, at $7 per day, $217,' and that this indicates that the above date, April 17, for material, is in the same year; but solely on account of decision of Appellate Court that such omission of year is fatal, claim for material is disallowed, but the lien notice is valid as to item for labor, $217." The master allowed the claim to that extent.

It appears that Sohns assigned his claim to the John Davis Company as a security, and he prosecuted the claim for lien for the use of this company. Upon exception being filed to the report of the master in the circuit court, a decree was rendered finding as follows: "That the reasonable value of the materials furnished and labor performed was $702.54, and that all of said labor and ma-

terial to that amount actually went into and became part of the building, and that non-payment has been made for any part thereof; * * * that it would be wholly impracticable, from the nature of the contract, by reason of the great size of the building and large number of small articles used in the job, to estimate the compensation for the part performed in proportion to the price stipulated for the whole; that $702.54 is the reasonable value of the materials furnished and labor performed, * * * and that said Henry G. Sohns, for the use of the John Davis Company, has a mechanic's lien of March 3, 1893, upon the premises aforesaid for the sum of $702.54, and that he should draw interest on said sum from January 6, 1896, —the date of the master's report."

From this decree Cleary and Murphy appealed to the Appellate Court for the First District, where the decree of the trial court was reversed and the claim of Sohns for lien denied. From the judgment of the Appellate Court the cause is brought here by Sohns on writ of error.

GEORGE R. MITCHELL, for plaintiff in error.

WILLIAMS, LINDEN, DEMPSEY & GOTT, for defendants in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The Appellate Court, in disposing of this case, held the view that, inasmuch as it appeared impracticable to estimate the compensation for the part of the work performed in proportion to the price stipulated for the whole, the decree allowing Sohns a lien was wrong, as being in conflict with section 11 of the amended act of 1891, in relation to liens. (Laws of 1891, p. 161.) Section 11 of the acts provides: "When the owner of the land shall have failed to perform his part of the contract by failing to advance to the contractor moneys justly due him under the contract at the time when the same should have been

paid to the contractor, or has failed to perform his part of the contract in any other manner, and by reason thereof the other party shall, without his own default, have been prevented from performing his part, he shall be entitled to a reasonable compensation for as much thereof as has been performed in proportion to the price stipulated for the whole, and the court shall adjust his claim and allow him a lien accordingly."

The finding of the master and of the trial court was that the reasonable value of the material furnished and labor performed by Sohns in the construction of this building was $702.54, and upon an examination of the testimony it fully warrants the finding. It would seem, upon every principle of equity, that claimant was entitled to that amount, being the reasonable value of the services and material furnished by him, he being prevented from completing the contract through the fault of the owner of the property. There is no dispute as to the contract price for the whole work,—$6800. In the absence of all proof to the contrary it must be presumed that that was the reasonable value of the labor and materials necessary to the performance of the contract, and therefore, when the contractor proved that he had performed a certain part of the work and furnished a certain part of the material, the reasonable value of which was $702.54, he had established his right to compensation therefor in proportion to the price stipulated for the whole. In other words, presumably the contract price for the whole work is the reasonable compensation therefor, and hence the reasonable price for a part of the work is in proportion to the price stipulated for the whole; and we think the statement in the decree of the circuit court that it appeared impracticable to estimate the compensation for the part of the work performed in proportion to the price stipulated for the whole, is not warranted by the evidence. Certainly, in the absence of all proof it cannot be presumed that the price agreed upon between the parties for

the performance of the whole work was other than the reasonable price therefor. If either party desired to fix the compensation for the part of the work performed upon the theory that the contract price for the whole was more or less than the reasonable price thereof, they might have introduced evidence to that effect, and allowed the court, if it could, to fix the compensation accordingly. But having failed to do so, we are clearly of the opinion that in determining the reasonable compensation for the part of the work performed in proportion to the contract price for the whole, it must be assumed that the latter price is reasonable. Suppose the claimant in this case had introduced a witness or witnesses and proved that the reasonable compensation to him for the whole labor and material to be furnished was the contract price, $6800, and had then proved that the reasonable value of the labor and material actually furnished was $702.54; could it have been said that the reasonable compensation for the part of the work performed in proportion to the price stipulated for the whole would not have been proved? Here, presumably, the parties by their contract fixed the reasonable compensation for the whole, and it was only necessary for the claimant to prove the reasonable value of the part of the work performed. This disposition of the cause settles other points urged by counsel.

Counsel refers to certain evidence in the record, and says if we will but examine it he thinks facts will be found tending to show that this right of lien was waived and other security was intended to be taken. From the testimony abstracted we fail to find such facts, and as they are not pointed out we do not feel called upon to search through the record for evidence to support counsel's contention.

The judgment of the Appellate Court reversing the decree of the circuit court relating to this claim is reversed and the decree of the circuit court affirmed.

*Judgment reversed.*